UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK TODD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN ROSS, et al.,<br><br>　　　　Defendants. | No. 2:13-cv-1860 LKK DAD PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff, Derek Todd, is proceeding in this action pro se.  This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

　　　　Plaintiff's in forma pauperis application makes the showing required by 28 U.S.C. § 1915(a)(1).  However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute.  "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'"  Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)).  See also Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is

1 bound to deny a motion seeking leave to proceed in forma pauperis.").

2 Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

FED. R. CIV. P. 8(a).

Here, plaintiff's fifty-page complaint now before the court does not contain a short and plain statement of plaintiff's claim showing that he is entitled to relief. Moreover, the subject matter of the complaint concerns plaintiff's state court family law matter over which this federal court has no jurisdiction. For example, in his complaint plaintiff alleges that "defendant Ross,"

1  the state court judge who presided over a June 27, 2013 hearing in the state court family law
2  matter, "should not have used the nine month old mediator's report," that on August 15, 2013,
3  "[d]efendant Ross made an order that deprived the [p]laintiff's legal (sic) custody," and that
4  "[d]efendant Sweeney," the Court Reporter Manager for the Placer County Superior Court,
5  "conspired" to deny plaintiff his right to the custody of his child by denying plaintiff's request for
6  a fee waiver for a court reporter under state law in violation of plaintiff's rights.  (Compl. (Doc.
7  No. 1) at 4, 15.)  In addition to damages, plaintiff's complaint seeks an order terminating "the
8  three year old restraining order granted by [d]efendant Ross" to allow plaintiff "contact with his
9  daughter . . . ."  (Id. at 50.)

10       Under the Rooker-Feldman doctrine, a federal district court is precluded from
11  hearing "cases brought by state-court losers complaining of injuries caused by state-court
12  judgments rendered before the district court proceedings commenced and inviting district court
13  review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544
14  U.S. 280, 284 (2005).  The Rooker-Feldman doctrine applies not only to final state court orders
15  and judgments, but to interlocutory orders and non-final judgments issued by a state court as well.
16  Doe & Assoc. Law Offices v. Napolitano, 252 F.3d 1026, 1030 (9th Cir. 2001); Worldwide
17  Church of God v. McNair, 805 F.2d 888, 893 n. 3 (9th Cir. 1986).

18       The Rooker-Feldman doctrine prohibits "a direct appeal from the final judgment of
19  a state court," Noel v. Hall, 341 F.3d 1148, 1158 (9th Cir. 2003), and "may also apply where the
20  parties do not directly contest the merits of a state court decision, as the doctrine prohibits a
21  federal district court from exercising subject matter jurisdiction over a suit that is a de facto
22  appeal from a state court judgment." Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 859 (9th
23  Cir. 2008) (internal quotation marks omitted).  "A suit brought in federal district court is a 'de
24  facto appeal' forbidden by Rooker-Feldman when 'a federal plaintiff asserts as a legal wrong an
25  allegedly erroneous decision by a state court, and seeks relief from a state court judgment based
26  on that decision.'" Carmona v. Carmona, 603 F.3d 1041, 1050 (9th Cir. 2010) (quoting Noel,
27  341 F.3d at 1164).  See also Doe v. Mann, 415 F.3d 1038, 1041 (9th Cir. 2005) ("[T]he Rooker-
28  Feldman doctrine bars federal courts from exercising subject-matter jurisdiction over a

proceeding in 'which a party losing in state court' seeks 'what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'") (quoting Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994), cert. denied 547 U.S. 1111 (2006)).  "Thus, even if a plaintiff seeks relief from a state court judgment, such a suit is a forbidden de facto appeal only if the plaintiff also alleges a legal error by the state court." Bell v. City of Boise, 709 F.3d 890, 897 (9th Cir. 2013).

> [A] federal district court dealing with a suit that is, in part, a forbidden de facto appeal from a judicial decision of a state court must refuse to hear the forbidden appeal. As part of that refusal, it must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision.

Doe, 415 F.3d at 1043 (quoting Noel, 341 F.3d at 1158).  See also Exxon, 544 U.S. at 286 n. 1 (stating that "a district court [cannot] entertain constitutional claims attacking a state-court judgment, even if the state court had not passed directly on those claims, when the constitutional attack [is] 'inextricably intertwined' with the state court's judgment") (citing Feldman, 460 U.S. at 482 n. 16)); Bianchi v. Rylaarsdam, 334 F.3d 895, 898, 900 n. 4 (9th Cir. 2003) ("claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules") (citing Feldman, 460 U.S. at 483 n. 16, 485).

Moreover, the Younger abstention doctrine generally forbids federal courts from interfering with ongoing state judicial proceedings.  See Younger v. Harris, 401 U.S. 37, 53-54 (1971); Kenneally v. Lungren, 967 F.2d 329, 331 (9th Cir. 1992).  Thus, Younger abstention is appropriate when state proceedings of a judicial nature: (1) are ongoing; (2) implicate important state interests; and (3) provide an adequate opportunity to raise federal questions.[1]  Middlesex

---

[1] It appears from reading plaintiff's complaint that there are such ongoing state proceedings involved here since plaintiff alleges that on August 15, 2013, "[d]efendant Ross appointed [d]efendant Bolding as [d]efendant Hoffman's public defender for an upcoming contempt hearing."  (Compl. (Doc. No. 1) at 30.)

4

County Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Gilbertson v. Albright, 381 F.3d 965, 984 (9th Cir. 2004) (en banc).  State judicial proceedings involving domestic relations implicate important state interests.  See Ankenbrandt v. Richards, 504 U.S. 689, 703-04 (1992) (holding that the domestic relations exception to federal subject matter jurisdiction "divests the federal courts of power to issue divorce, alimony and child custody decrees); Coats v. Woods, 819 F.2d 236, 237 (9th Cir. 1987) (affirming abstention where the case raised constitutional issues but was "at its core a child custody dispute"); Peterson v. Babbitt, 708 F.2d 465, 466 (9th Cir. 1983) (finding abstention appropriate despite the presence of constitutional issues where the plaintiff sought visitation with children who were wards of the state court).

Finally, the court notes that plaintiff has named as defendants in this action, the state court judge presiding over his family law matter, personnel of the state court, a public defender and the mother of his child.  However, as plaintiff is well aware, judges are immune from liability and he cannot bring this action against the mother of his child because he cannot plausibly allege that she was a state actor.  See Todd v. Landrum, No. 2:12-cv-1770 LKK KJN PS, 2012 WL 5187836, at *2-3 (E.D. Cal. Oct. 17, 2012); Todd v. Shoopman, No. 2:12-cv-1768 JAM GGH PS, 2012 WL 3531563, at *2-3 (E.D. Cal. Aug. 15, 2012); Todd v. Ichikawa, No. 2:12-cv-1379 MCE GGH PS, 2012 WL 2202569, at *2-3 (E.D. Cal. June 14, 2012); Todd v. Ellis, No. 2:12-cv-1492 LKK CKD PS, 2012 WL 2116950, at *2-3 (E.D. Cal. June 6, 2012).[2]  Moreover, court personnel have absolute quasi-judicial immunity when they perform tasks that

---

[2] Plaintiff is advised that the Ninth Circuit has acknowledged the "inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances."  De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir. 1990) (discussing requirements, pursuant to the All Writs Act, 28 U.S.C. § 1651(a), for issuing an order requiring a litigant to seek permission from the court prior to filing any future suits).  See also Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057-62 (9th Cir. 2007).  Having reviewed the allegations of plaintiff's complaint here, and plaintiff's documented history of filing actions in this court essentially attempting to overturn decisions rendered in family law proceedings conducted in state court, the undersigned will make a substantive finding of frivolousness as to the complaint filed in this action.  Moreover, plaintiff is cautioned that future frivolous filings such as this may result in the recommendation that his filings be subject to a pre-filing review order.

are an integral part of the judicial process. <u>Moore v. Brewster</u>, 96 F.3d 1240, 1244 (9th Cir. 1996); <u>In re Castillo</u>, 297 F.3d 940, 952 (9th Cir. 2002). Lastly, a public defender is not a state actor subject to suit under § 1983 because her function is to represent her client's interests, not those of the state or county. <u>See</u> <u>Miranda v. Clark County</u>, 319 F.3d 465, 468 (9th Cir. 2003) (en banc).

For all the reasons set forth above, plaintiff's complaint should be dismissed for failure to state a claim upon which relief can be granted.

The undersigned has carefully considered whether plaintiff may amend his pleading to state a claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." <u>California Architectural Bldg. Prod. v. Franciscan Ceramics</u>, 818 F.2d 1466, 1472 (9th Cir. 1988). <u>See</u> also <u>Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau</u>, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). In light of the obvious deficiencies of the complaint filed by plaintiff in this action as noted above, the court finds that it would be futile to grant plaintiff leave to amend.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's September 9, 2013 application to proceed in forma pauperis (Doc. No. 3) be denied;

2. Plaintiff's September 9, 2013 complaint be dismissed without leave to amend; and

3. This action be dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file

/////

/////

objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  <u>See</u> <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 3, 2013

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\todd1860.ifp.den.f&rs